# LORAIN COUNTY COURT OF COMMON PLEAS

*LORAIN COUNTY JUSTICE CENTER*
*225 COURT STREET*
*ELYRIA, OHIO 44035*

DORIS J PIPPERT
PERSONAL REP OF ESTATE OF ROBERT A
PIPPERT
443 ELYRIA AVE
AMHERST, OH 44001

CASE NO. 18CV194294

VS.

TO:  LORAIN MEDICAL INVESTORS LIMITED
PARTNERSHIP
C/O CORP SERVICE COMPANY R/A
50 WEST BROAD ST, STE 1330
COLUMBUS, OH 43215

# SUMMONS ON COMPLAINT

*You have been named defendant in a complaint filed in Lorain County Court of Common Pleas by plaintiff(s):*

DORIS J PIPPERT
PERSONAL REP OF ESTATE OF ROBERT A PIPPERT
443 ELYRIA AVE
AMHERST, OH 44001

*A copy of the complaint is attached hereto. The name and address of the plaintiff's attorney is:*

BLAKE A DICKSON
ENTERPRISE PLACE STE. 420
3401 ENTERPRISE PARKWAY
BEACHWOOD, OH 44122

*You are hereby summoned and required to serve a copy of your answer to the complaint upon the plaintiff's attorney, or upon the plaintiff, if he has no attorney of record, within **TWENTY-EIGHT (28) DAYS** after service of this summons on you, exclusive of the day you receive it. Your answer must **ALSO** be filed with this Court within three (3) days after you serve, (delivered or by mail), a copy of your answer on the plaintiff's attorney.*

*If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the complaint.*

**TOM ORLANDO**
**CLERK OF COURTS OF COMMON PLEAS**
**LORAIN COUNTY, OHIO**

**1/22/2018**

BY: _____
**Deputy Clerk**

*W/PLTF'S MOTION FOR EXTENSION OF TIME TO FILE AFFIDVITS OF MERIT*

**\*18CV194294\***



EXHIBIT
E

FILED
LORAIN COUNTY

2018 JAN 19 PM 1:30

COURT OF COMMON PLEAS
TOM ORLANDO

IN THE COURT OF COMMON PLEAS
LORAIN COUNTY, OHIO

| | | |
|---|---|---|
| Doris J. Pippert, as the Personal<br>Representative of the Estate of<br>Robert A. Pippert, (deceased)<br>443 Elyria Avenue<br>Amherst, Ohio 44001 | )<br>)<br>)<br>)<br>)<br>) | CASE NO.<br>**18 CV 194294**<br><br>JUDGE<br>JUDGE JOHN R. MIRALDI |
| Plaintiff, | )<br>) | |
| vs. | )<br>) | |
| Life Care Center of Elyria<br>1212 South Abbe Road<br>Elyria, Ohio 44035 | )<br>)<br>)<br>) | COMPLAINT. |
| Lorain Medical Investors<br>Limited Partnership<br>d.b.a. Life Care Center of Elyria<br>c/o Registered Agent<br>Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, Ohio 43215 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Forrest Preston<br>3570 Keith Street, N.W.<br>Cleveland, Tennessee 37312 | )<br>)<br>) | (Jury Demand Endorsed Hereon.) |
| Life Care Centers of America<br>3570 Keith Street, N.W.<br>Cleveland, Tennessee 37312 | )<br>)<br>)<br>) | |
| Life Care Centers of America, Inc.<br>c/o Registered Agent<br>Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, Ohio 43215 | )<br>)<br>)<br>)<br>) | |

```
John Doe 1-10                                    )
(Names and addresses unknown.)                   )
(Defendants John Doe 1-10,                        )
(names and addresses unknown), are                )
intended to be any and all individuals and/or )
entities who, individually and/or by and          )
through their agents and/or employees             )
and/or servants and/or officers and/or           )
directors, directly and proximately caused        )
injury to Robert A. Pippert (deceased)            )
and/or directly and proximately caused            )
Robert A. Pippert's death by and through          )
their negligence and/or recklessness and/or       )
intentional acts, including both acts of          )
omission and/or acts of commission.               )
These Defendants include individuals or           )
entities who were employed by the named           )
Defendants at all times herein relevant           )
and/or were working as independent                )
contractors for the named Defendants at all )
times herein relevant and/or were working         )
under contract or otherwise for the named         )
Defendants at all times herein relevant           )
and/or who owned and operated the                 )
facility where Robert A. Pippert                   )
was a resident at all times herein relevant.      )
Despite a good faith effort being made by          )
the Plaintiff and her attorneys, the names         )
and addresses of Defendants John Doe 1-10 )
could not be ascertained prior to the             )
preparation and filing of Plaintiff's              )
Complaint.)                                        )
                                                   )
                Defendants.                        )
```

Now comes Plaintiff Doris J. Pippert, as the Personal Representative of the Estate of Robert A. Pippert (deceased), by and through her attorneys Blake A. Dickson, Danielle M. Chaffin and Tristan R. Serri of The Dickson Firm, L.L.C., and, pursuant to Ohio Revised Code § 2125.01 et seq., and/or other sections of the Ohio Revised Code, and/or the common law, specifically including, but not limited to, Ohio Revised Code §3721.10 and Ohio Revised Code §3721.13, hereby files the within Complaint, against all of the Defendants in the within case, in order to pursue both the

2

survivorship claims in the within case, and the wrongful death claims in the within case, which claims are being brought for the exclusive benefit of Decedent Robert A. Pippert's next of kin.

1.   At all times herein relevant, Decedent Robert A. Pippert was a resident of the Life Care Center of Elyria nursing home located at 1212 South Abbe Road, Elyria, Ohio 44035.

2.   At all times herein relevant, the Life Care Center of Elyria nursing home located at 1212 South Abbe Road, Elyria, Ohio 44035 was owned and/or operated by one or more of the Defendants, including, but not limited to, one or more of Defendants John Doe 1-10 (names and addresses unknown).

3.   Defendants John Doe 1-10, (names and addresses unknown), are intended to be any and all individuals and/or entities who, individually and/or by and through their agents and/or employees and/or servants and/or officers and/or directors, directly and proximately caused injury to Robert A. Pippert (deceased) and/or directly and proximately caused Robert A. Pippert's death, by and through their negligence and/or recklessness and/or intentional acts, and/or actual malice, including both acts of omission and/or acts of commission. These Defendants include individuals or entities who were employed by the named Defendants at all times herein relevant and/or were working as independent contractors for the named Defendants at all times herein relevant and/or were working under contract or otherwise for the named Defendants at all times herein relevant. These Defendants also include any and all individuals or entities who owned and/or operated the subject facility at all times herein relevant and/or employed the staff at the subject facility at all times herein relevant. Despite a good faith effort being made by the Plaintiff and her attorneys, the names and addresses of Defendants John Doe 1-10 could not be ascertained prior to the preparation and filing of Plaintiff's Complaint.

4.   While under the exclusive care of the Defendants, individually and/or by and through their agents and/or employees and/or servants and/or officers and/or directors, Decedent Robert A. Pippert was caused to suffer numerous severe injuries and illnesses, he was not adequately supervised, he was not comprehensively assessed, the Defendants did not develop a comprehensive care plan for him, he was left unsupervised, he was caused to suffer one or more bed sores which became infected all of which directly and proximately caused him pain, personal injury, disability, disfigurement, loss of enjoyment of life and he died as a result of his injuries and as a direct and

3

proximate result of the neglect and recklessness and actual malice and abuse of the Defendants.

5.     At all times herein relevant, Robert A. Pippert was a resident of the Life Care Center of Elyria nursing home located at 1212 South Abbe Road, Elyria, Ohio 44035, and he was under the exclusive care of the Defendants.  While under the exclusive care of the Defendants he was neglected and abused.  As a result, he suffered severe, permanent and fatal physical and emotional injuries, as a direct and proximate result of the negligence and/or recklessness and/or actual malice of the Defendants.  He was not provided with a safe environment.  He was not adequately supervised.  He was left unattended and he was neglected and he was abused.  He was not provided with proper care.  He was not provided with the care he and his family contracted for.  He was not provided with the care he needed.  He was not kept safe.

6.     Decedent Robert A. Pippert was not adequately supervised by the Defendants.

7.     Decedent Robert A. Pippert was not provided a safe environment by the Defendants.

8.     As a direct and proximate result of the negligence and/or recklessness and/or actual malice of the Defendants, Decedent Robert A. Pippert suffered serious, permanent and fatal injuries.

9.     While under the exclusive care of the Defendants, Robert A. Pippert was caused to suffer numerous injuries including those mentioned above, he was caused to suffer fatal injuries, he was permitted to become very ill, his injuries and his illnesses were not treated properly, and his physical condition was permitted to deteriorate, as a direct and proximate result of the negligence and/or recklessness of the Defendants, individually and/or by and through their agents and/or employees and/or officers and/or directors and he ultimately died as a result.

10.     Robert A. Pippert died on February 10, 2017, as a direct and proximate result of the injuries that he suffered at the Life Care Center of Elyria nursing home located at 1212 South Abbe Road, Elyria, Ohio 44035, which injuries were directly and proximately caused by the negligence and/or the recklessness and/or actual malice of the Defendants.

11.     The Defendants, individually, and/or by and through their agents and/or employees and/or officers and/or directors, held themselves out to the general public and specifically to Decedent Robert A. Pippert and his next of kin, as being capable and competent to provide medical care, nursing care, nursing home care, long term care and/or medical and nursing treatment to its residents, specifically including, but not limited to, Decedent Robert A. Pippert

4

12.     Decedent Robert A. Pippert and his family relied, to their detriment, on the Defendants, individually and/or by and through their agents and/or employees and/or officers and/or directors, to care for Decedent Robert A. Pippert

13.     The Defendants, individually, and/or by and through their agents and/or employees and/or officers and/or directors, owed a duty to Decedent Robert A. Pippert

14.     At all times herein relevant, the Defendants, individually and/or by and through their agents and/or employees and/or officers and/or directors, breached that duty.

15.     As a direct and proximate result of the Defendants breaching their duty and providing substandard care to Decedent Robert A. Pippert, individually and/or by and through their agents and/or employees, Decedent Robert A. Pippert suffered severe injuries he became very ill and he was not treated properly and he died, as a result.

16.     Defendants, individually, and/or by and through their agents and/or employees and/or officers and/or directors, were negligent and/or reckless in the way they cared for Decedent Robert A. Pippert

17.     Defendants, individually, and/or by and through their agents and/or employees and/or officers and/or directors, provided substandard care to Decedent Robert A. Pippert

18.     The care that the Defendants, individually, and/or by and through their agents and/or employees and/or officers and/or directors, provided to Decedent Robert A. Pippert, deviated from the standard of care appropriate to nursing homes and/or long term care facilities and/or nurses and/or aids in like or similar circumstances.

19.     As a direct and proximate result of the deviation from the standard of care, appropriate for nursing homes and/or long term care facilities and/or nurses and/or aids in like or similar circumstances, Decedent Robert A. Pippert was caused to suffer severe and eventually fatal injuries, he was also allowed to get sick and after he got sick he was not treated properly, and his condition got worse, and he died from his illnesses and/or from his injuries.

20.     The negligence and/or recklessness and/or willful and/or wanton conduct of all of the Defendants combined to cause Decedent Robert A. Pippert indivisible harm.

21.     The Defendants, individually, and/or by and through their agents and/or employees and/or officers and/or directors were negligent and/or reckless in the way they interviewed,

investigated, hired, trained, placed, monitored, supervised, educated, trained, disciplined and maintained their employees.

22.     The Defendants, individually and/or by and through their agents and/or employees and/or officers and/or directors were negligent and/or reckless with respect to the policies and/or procedures and/or protocols that they had, and with respect to the policies and/or procedures and/or protocols that they did not have, that they should have had.

23.     The Defendants, individually and/or by and through their agents and/or employees and/or officers and/or directors failed to abide by their own policies and/or procedures and/or protocols with respect to patient care.

24.     As a direct and proximate result of the negligence and/or recklessness of the Defendants, individually, and/or by and through their agents and/or employees, Decedent Robert A. Pippert suffered severe and fatal injuries.

25.     As a direct and proximate result of the Defendants, individually and/or by and through their agents and/or employees and/or servants and/or officers and/or directors, breaching the duty that they owed to Decedent Robert A. Pippert, Decedent Robert A. Pippert suffered serious injuries, he became ill, his condition deteriorated, he incurred medical and hospital bills and he died.

26.     As a direct and proximate result of the negligence and/or recklessness of the Defendants, individually, and/or by and through their agents and/or employees and/or servants and/or officers and/or directors, Decedent Robert A. Pippert suffered severe and permanent injuries, which caused him pain, physical and mental suffering, disability and damage, and he got sick and his physical condition deteriorated and his sickness got worse, and he suffered additional physical and mental pain and suffering and he died.

27.     As a direct and proximate result of the negligence and/or recklessness of the Defendants, individually, and/or by and through their agents and/or employees and/or servants and/or officers and/or directors, Decedent Robert A. Pippert necessitated medical care and treatment.

28.     As a direct and proximate result of the negligence and/or recklessness of the Defendants, individually, and/or by and through their agents and/or employees and/or servants and/or officers and/or directors, Decedent Robert A. Pippert and/or the Estate of Decedent Robert A. Pippert and/or Decedent Robert A. Pippert's next of kin, incurred medical and hospital expenses.

6

29.     One or more of the Defendants also had a duty, pursuant to the Ohio Revised Code, to provide Decedent Robert A. Pippert with adequate and appropriate medical treatment and nursing care, and with other services that comprise necessary and appropriate care.

30.     The Defendants breached that duty and as a direct and proximate result, Decedent Robert A. Pippert suffered harm, including the injuries and damages described herein.

31.     At all times herein relevant, Decedent Robert A. Pippert was a "resident" as defined by Ohio Revised Code §3721.10.

32.     At all times herein relevant, Decedent Robert A. Pippert was a "resident" of the Life Care Center of Elyria nursing home located at 1212 South Abbe Road, Elyria, Ohio 44035, which is and was, at all times herein relevant, a "home", as defined by Ohio Revised Code §3721.10.

33.     The actions, inaction and neglect in the care provided and not provided to Decedent Robert A. Pippert, by one or more of the Defendants, individually, and/or by and through their agents and/or employees, was a violation of Decedent Robert A. Pippert' rights as set forth in Ohio Revised Code §3721.13 and elsewhere in the Ohio Revised Code.

34.     One or more of the Defendants, individually, and/or by and through their agents and/or employees, violated Decedent Robert A. Pippert' right to a safe, healthy, clean and decent living environment, pursuant to Ohio Revised Code §3721.13, and the applicable state laws and regulations prescribed by the Public Health Counsel.

35.     One or more of the Defendants, individually and/or by and through their agents and/or employees, violated Decedent Robert A. Pippert's right to be free from physical, verbal, mental and emotional abuse, and to be treated at all times with courtesy, respect and full recognition of dignity and individuality pursuant to Ohio Revised Code §3721.13.

36.     One more of the Defendants, individually and/or by and through their agents and/or employees, violated Decedent Robert A. Pippert's right to adequate and appropriate medical treatment and nursing care, and to other services that comprise necessary and appropriate care, consistent with the program for which Decedent Robert A. Pippert contracted, in violation of Ohio Revised Code §3721.13.

37.     One or more of the Defendants, individually and/or by and through their agents and/or employees, violated numerous other rights of Decedent Robert A. Pippert, pursuant to the Ohio

7

Revised Code and otherwise, specifically including, but not limited to, Title 37 of the Ohio Revised Code, and various other rights provided to Decedent Robert A. Pippert, pursuant to the common law and otherwise.

38.   Decedent Robert A. Pippert was under the exclusive care and control of the Defendants, individually, and/or by and through their agents and/or employees and/or servants and/or officers and/or directors, at all times herein relevant, including the times that he suffered numerous injuries, during the times that he got sick, during the times that his illness got progressively worse and leading up to the time when he died.

39.   One or more of the Defendants, individually and/or by and through their agents and/or employees, violated Decedent Robert A. Pippert's rights pursuant to Ohio Administrative Code §3701-17-19(C)(1)(b).

40.   One or more of the Defendants, individually and/or by and through their agents and/or employees, violated Decedent Robert A. Pippert's rights pursuant to Ohio Administrative Code §3701-17-19(C)(3)(b).

41.   One or more of the Defendants, individually and/or by and through their agents and/or employees, violated their legal obligation to Decedent Robert A. Pippert to immediately contact his physician and his family any time he experienced a significant change in his condition, which constituted substandard care and directly and proximately caused his death.

42.   One or more of the Defendants, individually and/or by and through their agents and/or employees, violated numerous other rights of Decedent Robert A. Pippert, pursuant to the Ohio Revised Code and otherwise, specifically including, but not limited to, Title 37 of the Ohio Revised Code, and various other rights provided to Decedent Robert A. Pippert, pursuant to the common law and otherwise.

43.   Decedent Robert A. Pippert was under the exclusive care and control of the Defendants, individually, and/or by and through their agents and/or employees and/or servants and/or officers and/or directors, at all times herein relevant, including the times that he suffered numerous injuries, during the times that he got sick, during the times that his illness got progressively worse and leading up to the time when he died.

44.   The Defendants, individually, and/or by and through their agents and/or employees

8

and/or servants and/or officers and/or directors, through various acts of commission and various acts of omission, were negligent in the care and treatment that was rendered to Decedent Robert A. Pippert.

45. Defendants' negligence and/or recklessness directly and proximately caused Decedent Robert A. Pippert to suffer serious injury and directly and proximately caused his death.

46. As a direct and proximate result of the negligence and/or recklessness of the Defendants, individually and/or by and through their agents and/or employees and/or servants and/or officers and/or directors, Decedent Robert A. Pippert and/or his estate and/or his next of kin incurred medical bills.

47. As a direct and proximate result of the negligence and/or recklessness of the Defendants, individually and/or by and through their agents and/or employees and/or servants and/or officers and/or directors, Decedent Robert A. Pippert and/or his estate and/or his next of kin incurred funeral and burial expenses.

48. As a direct and proximate result of the negligence and/or recklessness of the Defendants, individually and/or by and through their agents and/or employees and/or servants and/or officers and/or directors, Decedent Robert A. Pippert's next of kin lost Decedent Robert A. Pippert's support from the reasonable expected earning capacity of Decedent Robert A. Pippert

49. As a direct and proximate result of the negligence and/or recklessness of the Defendants, individually, and/or by and through their agents and/or employees and/or servants and/or officers and/or directors, Decedent Robert A. Pippert's next of kin lost the services of Decedent Robert A. Pippert

50. As a direct and proximate result of the negligence and/or recklessness of the Defendants, individually, and/or by and through their agents and/or employees and/or servants and/or officers and/or directors, Decedent Robert A. Pippert's next of kin lost the society of Decedent Robert A. Pippert, including his companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training and education.

51. As a direct and proximate result of the negligence and/or recklessness of the Defendants, individually and/or by and through their agents and/or employees and/or servants and/or officers and/or directors, Decedent Robert A. Pippert' next of kin lost their prospective inheritance

9

from Decedent Robert A. Pippert

52.     As a direct and proximate result of the negligence and/or recklessness of the Defendants, individually, and/or by and through their agents and/or employees and/or servants and/or officers and/or directors, Decedent Robert A. Pippert's next of kin suffered extreme and severe mental anguish.

53.     The conduct of the Defendants, individually, and/or by and through their agents and/or employees, was negligent and/or reckless and/or wanton.

54.     The conduct of the Defendants, individually, and/or by and through their agents and/or employees, displayed a conscious disregard for the rights and safety of others, specifically including, but not limited to, Decedent Robert A. Pippert, which created a great probability that substantial harm would result and substantial harm did result.

55.     The Defendants' conduct in this case constituted actual malice.

56.     The claims against the Defendants in this case include claims for ordinary negligence that do not involve a decision, act, or omission requiring knowledge of medical science or specialized training or skill.

57.     Some of the acts or omissions complained of herein regarding the Defendants may be assessed by the trier of fact on the basis of common, everyday experiences and the common knowledge of a lay person.

58.     In other words, some of the acts or omissions complained of do not implicate questions of medical competence nor involve matters of medical science nor art requiring specialized knowledge, training, or skills not ordinarily possessed by lay persons.

59.     Moreover, the acts or omissions complained of herein involve custodial neglect perpetuated by persons who were not medical professionals and/or the acts and omissions complained of herein resulted from the dangerous administrative policies, systems, directives, and/or practices engaged in by the Defendants which affected not only Robert A. Pippert, who is now deceased, but an entire group of residents in the facility.

60.     Accordingly, some of the claims set forth herein sound in ordinary negligence, not medical negligence.

61.     Furthermore, to the extent that decisions were made and directives were issued by the

Defendants that involved a determination of the nature and number of nursing and custodial staff necessary to provide nursing and custodial care at the facility during Robert A. Pippert' residency, those decisions were made and the directives were issued by lay persons rather than by medical professionals. These lay persons lacked the appropriate medical or nursing training to make such decisions or to issue such directives. When these decisions were made and the directives were issued, the personnel involved were acting in the course and scope of their agency or employment with and for the Defendants who ratified and approved the decisions and conduct at issue.

62.    At all times relevant herein, the Defendants were fully aware that the delivery of essential care and services to the residents in the facility, including Robert A. Pippert, hinged upon: (a) a determination of the numbers and expenditures on staffing levels in the facility; (b) a determination of census levels within the facility; and (c) a determination of the census mix which in turn established the amount of revenue and impacted the acuity levels of the patient population and, therefore, the facility's ability to meet the acuity levels/needs of the residents.

63.    Despite this knowledge, the Defendants made budgetary and administrative decisions that had a devastating effect on the ability of the facility to provide safe, adequate and essential care and services to the residents, including Robert A. Pippert.

64.    The decisions and directives of the Defendants as to staffing and census were determined by the financial needs and goals of the Defendants, not the custodial, medical and nursing needs of the residents of the facility, including Decedent Robert A. Pippert

65.    The Defendants entered into a continuing course of negligent conduct, creating, implementing and enforcing dangerous operational budgets at the facility, which deprived residents, including Decedent Robert A. Pippert, of adequate staffing necessary to meet their custodial needs, including the monitoring and care of Decedent Robert A. Pippert so as to avoid his suffering injury.

66.    This course of conduct also deprived residents, including Decedent Robert A. Pippert, of supplies necessary to meet their needs.

67.    Notwithstanding the decisions and directives of the Defendants to short the staff of the Life Care Center of Elyria nursing home located at 1212 South Abbe Road, Elyria, Ohio 44035 and to hire staff who lacked the qualifications and experience to do the job for which they were hired, to not train the staff properly nor adequately, the Defendants required staff at the facility to

11

recruit heavier care, higher pay residents to the facility, even though the needs of the patient population exceeded the capacity of the staff. Decedent Robert A. Pippert, therefore, became a victim of this dangerous practice.

68.     At all times herein relevant, the Defendants had a duty to respectively allocate resources and exercise fiscal policies with reasonable care, so as to prevent the infliction of harm on residents of the facility.

69.     The Defendants breached their duty by failing to allocate sufficient financial resources to the facility, thereby causing harm to Decedent Robert A. Pippert, as discussed herein, and ultimately causing his death.

70.     More specifically, the Defendants, through their budgetary directives, required the short-staffing and consequent negligent conduct, which caused injuries to Decedent Robert A. Pippert and ultimately caused his death.

71.     The conduct at issue was specifically directed, controlled, and authorized by the Defendants, who knew or should have known that such conduct would likely cause harm to the residents of the facility, including, but not limited to, Decedent Robert A. Pippert

72.     The control that the Defendants exercised in this regard, surpassed the control that is a normal incident of ownership of a subsidiary and was in disregard for the interests of the subsidiary facility licensee, and the interests of the residents in the facility, including, but not limited to Decedent Robert A. Pippert

73.     The direct participation of the Defendants, in the conduct at issue, superseded the discretion and interest of their subsidiary, violated the law, and created the conditions leading to the acts and omissions complained of herein.

74.     The agents of the Defendants who made the decisions and took the actions complained of were acting in their capacity as agents, employees, officers, and/or directors of the Defendants.

75.     Because of the interference of some of the Defendants, in the way in which custodial care was delivered at the facility, and because of the direct pressure brought to bear by some of the Defendants, which acted in their own interests, and not for the benefit of their subsidiaries, other Defendants acquiesced and engaged in the negligent conduct complained of herein.

76.     At all times relevant herein, the Defendants knew or should have known that the delivery of essential and necessary care would suffer, causing Decedent Robert A. Pippert injury, if they did not provide enough financial resources to adequately staff the facility.

77.     By reason of the negligent staffing, budgetary policies, financial decisions, patient recruitment programs, and expenditure restrictions imposed and implemented by the Defendants at their facilities, dependent residents, including Decedent Robert A. Pippert, suffered repeated and ongoing neglect, including the routine deprivation of basic custodial care.

78.     Such ongoing neglect was a direct and proximate cause of Decedent Robert A. Pippert's injuries, damages, and death for which the Defendants are liable.

79.     In addition to the foregoing conduct, the Defendants breached the duties they owed to their residents, including Decedent Robert A. Pippert, and they were negligent in their ordinary care and treatment of Decedent Robert A. Pippert, by and through their acts or omissions, which were within the understanding of an ordinary lay person and did not require medical training, assessment or diagnosis.

80.     The acts and omissions complained of include, but are not limited to, the following:

A.     Failure to provide sufficient numbers of personnel to ensure the facility met the custodial, non-medical needs of Decedent Robert A. Pippert, including, but not limited to, failure to timely provide personal attention and care;

B.     Failure to adequately hire, train, supervise, and retain the administrator, director of nursing, and other staff so as to assure that Decedent Robert A. Pippert received appropriate custodial, non-medical care;

C.     Failure to administer the facility in such a manner so as to ensure sufficient staffing and supplies to provide custodial, non-medical care for all residents, including Decedent Robert A. Pippert;

D.     Failure to adopt adequate guidelines, policies and procedures for documenting, maintaining files, investigating and responding to concerns regarding the custodial, non-medical care of residents, including Decedent Robert A. Pippert;

E.     Failure to adopt adequate guidelines, policies and procedures for documenting, maintaining files, investigating and responding to concerns regarding misconduct by the custodial, non-medical employees and agents of the Defendants;

F.     Failure to provide a safe environment for residents, including Decedent Robert A. Pippert;

G.     Failure to provide adequate supervision to custodial, non-medical personnel;

H.     Failure to provide adequate custodial (non-medical) care;

I.     Failure to protect Decedent Robert A. Pippert from abuse and neglect;

J.     Failure to treat Decedent Robert A. Pippert with kindness and respect;

13

K.  Failure to give Decedent Robert A. Pippert edible and palatable food and to give him alternatives to food he could not eat and/or which was not palatable to him;

L.  Failure to prevent Decedent Robert A. Pippert from suffering injuries; and

M.  Making false, misleading, and deceptive representations as to the quality of the custodial, non-medical care and services provided by the facility to their residents, including Decedent Robert A. Pippert

81.  Each of the acts or omissions set forth operated singularly or in combination, and was a direct and proximate cause of the injuries, damages, and death described in this complaint.

82.  Decedent Robert A. Pippert's injuries and death were the direct and proximate result of the administrative, business, budgetary, and entrepreneurial decisions of the Defendants, which affected all residents of the facility, including, but not limited to, Decedent Robert A. Pippert

83.  The administrative and budgetary policies, practices and systems of a non-medical or professional nature of the Defendants caused understaffing and the deprivation of custodial care and resulted in the violation of Decedent Robert A. Pippert's rights as enumerated above.

84.  As a direct and proximate result of the conduct complained of above, Decedent Robert A. Pippert suffered injuries, physical pain and mental suffering, loss of enjoyment of life, as well as premature death.

85.  As a direct and proximate result of the conduct complained of above, Decedent Robert A. Pippert and/or his Estate incurred medical expenses and funeral expenses, loss of earnings and earning capacity, and incurred liability to pay reasonable and necessary charges for such care.

86.  The conduct of the Defendants demonstrated actual malice.

87.  The conduct of the Defendants, individually, and/or by and through their agents and/or employees, was negligent and/or reckless and/or willful and/or wanton.

88.  The conduct of the Defendants, individually, and/or by and through their agents

14

and/or employees, displayed a conscious disregard for the rights and safety of others, specifically including, but not limited to, Decedent Robert A. Pippert, which created a great probability that substantial harm would result, and, in fact, substantial harm did result.

**WHEREFORE**; Plaintiff Doris J. Pippert, as the Personal Representative of the Estate of Robert A. Pippert (deceased), demands damages against the Defendants as follows;

A judgment in favor of Plaintiff Doris J. Pippert, as the Personal Representative of the Estate of Robert A. Pippert, and against the Defendants, jointly and/or severally and/or concurrently, in an amount, in excess of Twenty-Five Thousand Dollars ($25,000.00), which will fully, fairly and justly compensate the Estate of Robert A. Pippert for Decedent Robert A. Pippert's injuries, damages, and costs and which will fully, fairly and justly compensate Decedent Robert A. Pippert's next of kin for their damages and costs which they suffered as the direct and proximate result of Decedent Robert A. Pippert's death; and

Both pre judgment and post judgment interest; and

All of the costs of the within action; and

Attorney fees pursuant to statute and otherwise; and

Punitive damages; and

Any other further relief to which the Court determines that the Estate of Robert A. Pippert or Robert A. Pippert's next of kin are entitled, at law or in equity.

15

## JURY DEMAND

Pursuant to Rule 38(B) of the Ohio Rules of Civil Procedure, Plaintiff hereby demands trial by the maximum number of jurors allowed by law.

Respectfully submitted,
THE DICKSON FIRM, L.L.C.

By: _____

Blake A. Dickson (0059329)
Danielle M. Chaffin (0093730)
Tristan R. Serri (0096935)
Enterprise Place, Suite 420
3401 Enterprise Parkway
Beachwood, Ohio 44122
Telephone      (216) 595-6500
Facsimile      (216) 595-6501
E-Mail  BlakeDickson@TheDicksonFirm.com
E-Mail  DChaffin@TheDicksonFirm.com
E-Mail  TristanSerri@TheDicksonFirm.com

Attorneys for Plaintiff Doris J. Pippert, as the Personal Representative of the Estate of Robert A. Pippert (deceased).

16

ENTERED

IN THE COURT OF COMMON PLEAS
LORAIN COUNTY, OHIO

LORAIN COUNTY

2018 JAN 19

18 CV 194294

COURT OF COMMON PLEAS
TOM ORLANDO

Doris J. Pippert, as the Personal
Representative of the Estate of
Robert A. Pippert, (deceased)

                    Plaintiff

vs.

Life Care Center of Elyria

                    Defendants

Plaintiff's Motion for Extension of Time
To File Affidavits of Merit.

JUDGE JOHN R. MIRALDI

Now comes Plaintiff Doris J. Pippert, as the Personal Representative of the Estate of Robert

A. Pippert, (deceased), by and through her attorneys, Blake A. Dickson, Danielle M. Chaffin, and

Tristan R. Serri of The Dickson Firm, L.L.C., and, pursuant to Ohio Civil Rule 10(D), hereby

respectfully requests an extension of time to file Affidavits of Merit.

Ohio Civil Rule 10(D) requires **one of two things** when a complaint that contains a medical

claim is filed; **either** that the Plaintiff file an Affidavit of Merit **or** that the Plaintiff file a **Motion for**

**Extension of Time to File an Affidavit of Merit**.

Plaintiff's Complaint in the within case contains a medical claim.  Accordingly, Plaintiff

respectfully requests an extension of time of ninety (90) days to file an Affidavit of Merit until **April**

**18, 2018.**

Ohio Civil Rule 10(D)(2)(b) and (c) provide as follows (emphasis added):

          (b) The plaintiff may file a motion to extend the period of time to file an
     affidavit of merit. The motion shall be filed by the plaintiff with the complaint. **For**
     **good cause shown and in accordance with division (c) of this rule, the court shall**
     **grant the plaintiff a reasonable period of time to file an affidavit of merit, not to**
     **exceed ninety days, except the time may be extended beyond ninety days if the**
     **court determines that a defendant or non-party has failed to cooperate with**
     **discovery or that other circumstances warrant extension.**

      (c) In determining whether good cause exists to extend the period of time to file an affidavit of merit, the court shall consider the following:

            (i) A description of any information necessary in order to obtain an affidavit of merit;

            (ii) Whether the information is in the possession or control of a defendant or third party;

            (iii) The scope and type of discovery necessary to obtain the information;

            (iv) What efforts, if any, were taken to obtain the information;

            (v) Any other facts or circumstances relevant to the ability of the plaintiff to obtain an affidavit of merit.

The Staff Notes to Ohio Civil Rule 10(D) provide (emphasis added):

      Because there may be circumstances in which the plaintiff is unable to provide an affidavit of merit when the complaint is filed, division (D)(2)(b) of the rule requires the trial court, when good cause is shown, to provide a reasonable period of time for the plaintiff to obtain and file the affidavit. Division (D)(2)(c) details the circumstances and factors which the Court should consider in determining whether good cause exists to grant the plaintiff an extension of time to file the affidavit of merit. For example, "good cause" may exist in a circumstance where the plaintiff obtains counsel near the expiration of the statute of limitations, and counsel does not have sufficient time to identify a qualified health care provider to conduct the necessary review of applicable medical records and prepare an affidavit. Similarly, the relevant medical records may not have been provided to the plaintiff in a timely fashion by the defendant or a nonparty to the litigation who possesses the records. Further, there may be situations where the medical records do not reveal the names of all of the potential defendants and so until discovery reveals those names, it may be necessary to name a "John Doe" defendant. Once discovery has revealed the name of a defendant previously designated as John Doe and that person is added as a party, the affidavit of merit is required as to that newly named defendant. The medical records might also fail to reveal how or whether medical providers who are identified in the records were involved in the care that led to the malpractice. Under these and other circumstances not described here, the court must afford the plaintiff a reasonable period of time to submit an affidavit that satisfies the requirements set forth in the rule.

      It is intended that **the granting of an extension of time to file an affidavit of merit should be <u>liberally applied</u>**, but within the parameters of the "good cause" requirement. **The court should also exercise its discretion to aid plaintiff in obtaining the requisite information.** To accomplish these goals, the plaintiff must specifically inform the Court of the nature of the information needed as opposed to a

general averment that more information is needed. The plaintiff should apprise the court, to the extent that it is known, the identity of the person who has the information and the means necessary to obtain the information, to allow the court to grant an appropriate extension of time. If medical records in the possession of a defendant or non-party must be obtained, the court may issue an order compelling the production of the records. If medical records are non-existent, incomplete, or otherwise inadequate to permit an expert to evaluate the care, the court may, in appropriate circumstances, permit a plaintiff to conduct depositions of parties or non-parties to obtain the information necessary for an expert to complete such a review and provide an affidavit.

Division (D)(2)(b) of the rule sets an outside limit of 90 days to extend the time for the filing of an affidavit of merit, unless the court determines that the defendant or a nonparty in possession of the records has failed to cooperate with discovery, and in that circumstance the court may grant an extension beyond 90 days. This division also vests the trial court with the discretion to determine whether any other circumstances justify granting an extension beyond the 90 days.

In the within case, after being retained, Plaintiff's counsel had to open an Estate for Robert A. Pippert and have Doris J. Pippert appointed as the Personal Representative of his Estate. Thereafter, Plaintiff's counsel requested all of Robert Pippert's records from the Life Care Center of Elyria nursing home as well as from his various health care providers. It took some time to obtain all of these records. Plaintiff's counsel had to follow up with certain providers multiple times. In total, Plaintiff's counsel has obtained over 2,200 (two thousand, two hundred) pages of records. Currently, Plaintiff's counsel is in the process of reviewing, sorting and organizing these records. Then Plaintiff's counsel will send these records to appropriate experts for review and then obtain the necessary Affidavits of Merit.

Given when these records were produced by the various providers it was simply not possible for Plaintiff's counsel to obtain all of Robert A. Pippert's records, organize them, have them reviewed and obtain all of the necessary Affidavits of Merit.

Accordingly, Plaintiff respectfully requests an extension of time of ninety (90) days so that Plaintiff's counsel can organize the thousands of pages of records, have the records reviewed by

appropriate experts and then obtain the necessary Affidavits of Merit, making Plaintiff's Affidavits of Merit due on **April 18, 2018.**

This Motion is not being made for the purpose of delay.

This Motion should be granted in the interest of Justice.

Respectfully submitted,
THE DICKSON FIRM, L.L.C.

By: _____

Blake A. Dickson (0059329)
Danielle M. Chaffin (0093730)
Tristan R. Serri (0096935)
Enterprise Place, Suite 420
3401 Enterprise Parkway
Beachwood, Ohio 44122
Telephone      (216) 595-6500
Facsimile       (216) 595-6501
E-Mail           BlakeDickson@TheDicksonFirm.com
E-Mail           DChaffin@TheDicksonFirm.com
E-Mail           TristanSerri@TheDicksonFirm.com

Attorneys for Doris Pippert, as the Personal Representative of the Estate of Robert Pippert, (deceased).



U.S. POSTAGE >> PITNEY BOWES

ZIP 44035
02 4W
0000346200 JAN 23 2018

$ 007.83⁰

CERTIFIED MAIL

9414 7266 9904 2111 4006 42

RETURN RECEIPT REQUESTED



**TOM ORLANDO**

**LORAIN COUNTY CLERK OF COURTS**
**225 COURT STREET - FIRST FLOOR**
**ELYRIA OH 44035**

18CV194294
LORAIN MEDICAL INVESTORS LIMITED  PARTNERSHIP
C/O CORP SERVICE COMPANY R/A
50 WEST BROAD ST,  STE 1330

COLUMBUS      OH   43215